UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
DIVISION
_____

JOHNNY WAYNE DAVIS,

        Petitioner,

v.

MATT MACAULEY,

        Respondent.
_____/

Case No. 1:19-cv-700

Honorable Paul L. Maloney

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss Petitioner's unexhausted claims (habeas issues IV-X) without prejudice for failure to exhaust available state-court remedies, stay proceedings on the exhausted issues (habeas issues I-III), and hold the petition in abeyance pending Petitioner's timely compliance with the Court's order.

**Discussion**

I.      **Factual allegations**

Petitioner is incarcerated with the Michigan Department of Corrections at the Bellamy Creek Correctional Facility (IBC) in Ionia County, Michigan. Following a six-day jury trial in the Wayne County Circuit Court, Petitioner was convicted of first-degree home invasion, torture, and second-degree murder. On February 18, 2016, the court sentenced Petitioner as a third habitual offender to a sentence of 20 to 40 years for home invasion to be served consecutively to concurrent sentences of 20 to 40 years for torture and 27 to 40 years for murder.

On August 26, 2019, Petitioner filed his habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner has not supplied that date. Petitioner signed his application on August 26, 2019. (Pet., ECF No. 1, PageID.25.) The petition was received by the Court on October 29, 2019. I have given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

The petition raises ten grounds for relief, as follows:

I.  Admission of inflammatory photographic evidence over defense counsel's objection violated Petitioner's right to due process and a fair trial and constituted reversible error.

II. Insufficient evidence was presented during the petitioner's trial to support the jury's verdicts of guilty beyond a reasonable doubt of one count each of second[-]degree murder, torture and first degree home invasion (FDHI), and constitutes a denial of the due process of law guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution.

III. Petitioner's sentence of twenty-[seven] years to forty years in prison, and the consecutive sentence of from twenty years to forty years in prison, constitute abusive sentences and a violation of the guarantee against cruel and unusual punishment provided by the United States Constitution.

IV. Petitioner was denied his Sixth Amendment right to the effective assistance of counsel on appeal.

V. Petitioner must be resentenced due to the failure of the prosecution to comply with MCL 769.13's sentence enhancement procedure.

VI. Petitioner is entitled to resentencing based upon the improper scoring of his offense variables.

VII. Petitioner was denied his Sixth Amendment right to the effective assistance of counsel where: (A) counsel failed to secure funds for an expert witness; (B) counsel failed to object to inadmissible evidence; (C) counsel failed to request the lesser included offense [instruction] of accessory after the fact; [and] (D) counsel failed to challenge the offense variables use[d] to score the sentencing guidelines.

VIII. Petitioner is entitled to a new trial based upon newly discovered evidence.

IX. Petitioner is entitled to a new trial based upon his claim of actual innocence.

X. Petitioner was denied his right to a fair trial based upon a biased judge.

(Pet., ECF No. 1, PageID.5-23.)

## II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275-77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal

claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138-39 (6th Cir. 1970).

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner alleges that he exhausted the first three of his habeas issues raising them in the Michigan Court of Appeals and the Michigan Supreme Court on his direct appeal. (Pet., ECF No. 1, PageID.2-3.) Petitioner acknowledges that he has not exhausted his available state court remedies with respect to habeas issues IV-X. He filed a motion for relief from judgment in the trial court on August 26, 2019, the same date he filed this petition, for that purpose. Petitioner notes that the motion is still pending in the circuit court.[1]

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure to exhaust his available state remedies with regard to habeas issues IV-X. He can continue to pursue the motion for relief from judgment under Mich. Ct. R. 6.500 *et seq.*, that he already filed in the trial court. To properly exhaust his claim, if his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at

---

[1] The Wayne County Circuit Court docket for Petitioner's case number does not reflect that such a motion was filed. *See* https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=2483152 (visited October 13, 2019). Instead, it appears Petitioner's motion was filed in the companion case of his co-defendant Chiram Armstead, case number 15-006182-01-FC. *See* https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=2483149 (visited October 13, 2019). Petitioner is advised to communicate with the trial court to ensure that his motion has been properly filed and docketed.

483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'") (citation omitted).

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. After the Michigan Supreme

5

Court denied his application for leave to appeal, Petitioner indicates that he filed a petition for certiorari in the United States Supreme Court. (Pet., ECF No. 1, PageID.3.) Petitioner then notes that there is no docket or case number and no result. (*Id*.) The Supreme Court does not have any record of that petition. Accordingly, the Court concludes that Petitioner simply erred when he completed the petition form and that Petitioner did not, in fact, file a petition for certiorari.

Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on May 29, 2018**.** (*Id*., PageID.2.) Even though Petitioner did not petition for certiorari to the United States Supreme Court, the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on August 27, 2018. Accordingly, absent tolling, Petitioner would have one year, until August 27, 2019**,** in which to file his habeas petition. Petitioner filed the instant petition on August 26, 2019, one day before expiration of the limitations period.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Thus, it appears Petitioner's period of limitation is presently tolled with one day remaining.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court—a step Petitioner has already completed—and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also*

*Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).[2]

In the instant case, Petitioner has less than thirty days remaining before the statute of limitations expires. Petitioner therefore would not have the necessary 30 days to return to this court before expiration of the statute of limitations. As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *Palmer*, 276 F.3d at 781.

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278. Moreover, under *Rhines*, if the district court determines that a stay is inappropriate, it must allow the petitioner the opportunity to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.*

---

[2] The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332.

7

Petitioner has asked the Court to stay the petition and hold it in abeyance pending the exhaustion of state court remedies with respect to habeas issues IV-X. (Mot., ECF No. 3.) To obtain that relief he must show cause why he is entitled to a stay of these proceedings. Specifically, Petitioner must show: (1) good cause for his failure to exhaust before filing his habeas petition; (2) that his unexhausted claims are not plainly meritless; and (3) that he has not engaged in intentionally dilatory litigation tactics. *See Rhines*, 544 U.S. at 277-78.

Petitioner offers as cause the ineffective assistance of his appellate counsel and the recent discovery of exculpatory evidence. Petitioner claims that his unexhausted issues are not plainly meritless. And, Petitioner represents that he has not engaged in intentionally dilatory litigation tactics. The Court finds that Petitioner has made the showing required by *Rhines* with regard to the first and third elements. Although it appears that Petitioner's issues V, VI, and IX are not cognizable on habeas review, his other unexhausted issues are not plainly meritless. Therefore, the Court will dismiss Petitioner's unexhausted issues (issues IV-X) and stay the petition and hold it in abeyance with regard to Petitioner's exhausted issues (issues I-III).

An order consistent with this opinion will be entered.

Dated: October 25, 2019  /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge